Gray v. Gray.

---

## Samuel Gray v. Catharine Gray.

1. ALIMONY—*Temporary—Discretion of the Court.*—The allowance of temporary alimony rests largely in the discretion of the court.

**Bill for Divorce.**—Appeal from the Circuit Court, St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the August term, 1897. Affirmed. Opinion filed March 1, 1898.

Fred. B. Merrill and Robert A. Mooneyham, attorneys for appellant.

Franklin A. McConaughy, attorney for appellee.

The awarding of such allowance, and its amount, are in the discretion of the court, and will not be disturbed unless there is an abuse. Burgess v. Burgess, 25 Ill. App. 525.

Mr. Justice Bigelow delivered the opinion of the Court.

Appellee, who is the wife of appellant, filed her bill in chancery for a divorce, on the ground of extreme and repeated cruelty (alleging the particulars thereof), and also praying for temporary as well as permanent alimony, and for the custody of her two minor children.

Appellant answered, denying in general terms everything contained in the bill.

Appellee then filed her petition, duly verified, averring that she was destitute of means of supporting herself during the pendency of the suit, or for prosecuting her suit and defraying costs, and alleging that appellant was possessed of property, and praying for an order requiring appellant to pay her a sum sufficient to temporarily supply her needs.

Appellant answered the petition, admitting the filing of the bill, but denying the truth of the grounds of it, and admitting that appellee had no means of support and was unable to earn a livelihood, by reason of being physically disabled, but denying that he owned any considerable property, and denying that he was able to pay her anything, as temporary alimony or otherwise.

Evidence was taken before the court of appellant's ability to pay and the court ordered and decreed him to pay the sum of $50, from which appellant immediately prayed an appeal, when the court raised the sum to $75, from which order and decree appellant appealed to this court and assigns for error the order and decree.

The evidence is somewhat uncertain as to the value of appellant's property, but we are satisfied he has some above his exemptions, so he can pay if he desires to do so; it is

apparent from his testimony that for some reason, he does not desire to pay, but rather prefers to pay his creditors by turning over his exempt property to them.

His evidence shows his wife to be a "hopeless cripple," made so by falling from a cherry tree since their marriage.

Some of his creditors, and among them his immediate relatives, are suing him, but there are good reasons for believing appellant is urging them to do so, in order to defeat his wife's claim for alimony.

She seems to be living with her parents, who are poor people.

The allowance of temporary alimony rests largely in the discretion of the chancellor, and we can not say the discretion has been abused in this case, and therefore the order and decree is affirmed.